IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Seppo Matti Riihonen, ) | C/A No. 3:05-cv-1524-MBS |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER and OPINION** |
| ) | |
| John J. LaManna, ) | |
| Warden of FCI-Edgefield, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the court on the Magistrate Judge's recommendation that Petitioner's habeas corpus petition be dismissed without prejudice and without service of process.

## I. FACTS

Petitioner Seppo Matti Riihonen was convicted on September 13, 2002 in the United States District Court for the Southern District of Florida of illegally re-entering the United States in violation of 8 U.S.C. § 1326 (a)(b)(1). Petitioner, appearing *pro se*, submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that his sentence violates the Fifth and Sixth Amendments of the Constitution of the United States. Petitioner alleges that numerous errors occurred during his sentencing including the improper calculation of his guideline range under the United States Sentencing Guidelines and the unjust denial of his right to present witnesses at his sentencing hearing. Petition, 2-4. Petitioner also challenges the validity of an earlier deportation from the United States as "arbitrary" and in violation of the Fifth Amendment. Id. at 4.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling. The

Magistrate Judge reviewed the petition pursuant to the provisions of 28 U.S.C. §§ 1915 and 1915A. After a thorough review of the Petition and the applicable law, the Magistrate Judge recommended a finding that the claims Petitioner seeks to raise in the underlying petition are only cognizable under 28 U.S.C. § 2255. Report and Recommendation, 8. The Magistrate Judge noted that because Petitioner has previously filed a petition under § 2255, Petitioner's only available judicial remedy is to seek leave to file a successive petition from the United States Court of Appeals for the Eleventh Circuit. Thus, the Magistrate Judge recommended dismissal of the action without prejudice and without service of process. Id. Petitioner filed objections to the Report and Recommendation on June 13, 2005.

At the time Petitioner filed his application for a writ of habeas corpus, he was an inmate at FCI-Edgefield in Edgefield, South Carolina. Petitioner was subsequently transferred to the Tensas Parish Detention Center in Water Proof, Louisiana. On December 8, 2005, Petitioner notified the court of his new address in Finland. Notice of Change of Address, 2. On the same date, Petitioner filed a motion to amend his petition indicating he was no longer in federal custody. Motion for Leave to Amend Petition, 2.[1] On January 18, 2006, the court ordered Petitioner to show cause, within thirty days, as to why his release from custody did not render his habeas petition moot. Order to Show Cause, 2.[2] On February 21, 2006, Petitioner responded to this order by stating that though

---

[1] Petitioner's December 8, 2005 filing as a "motion to amend" reiterates arguments first presented in Petitioner's initial petition and subsequent objections to the Magistrate Judge's report and recommendation. It also includes an exhibit. Accordingly, Petitioner's motion to amend is granted and the court has thoroughly reviewed this filing.

[2] Petitioner was mailed a similar order on December 7, 2005 when it became apparent that the court did not have jurisdiction over Petitioner's custodian and could not grant Petitioner the relief he sought. That order was returned to the court undelivered on December 20, 2005 because Petitioner

he "can no longer ask this court to release him from custody . . . ," his Petition should not be deemed moot by the court. Response to Order to Show Cause, 1.

## II. LAW/DISCUSSION

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. Mathews v. Weber, 423 U.S. 261, 270 (1976). The responsibility for making a final determination remains with this court. Id. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. Id. However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

Petitioner's first three claims challenge the validity of the sentence he received for a conviction for violating 8 U.S.C. § 1326 (a)(b)(1). Petitioner's pleadings indicate that he had a prior motion to vacate his sentence under 28 U.S.C. § 2255 adjudicated on the merits by the United States District Court for the Southern District of Florida. Complaint, 5; Objections, 2. The Fourth Circuit has noted that "[28 U.S.C. §] 2241 is simply another avenue for petitioners seeking collateral review of criminal convictions." San-Miguel v. Dove, 291 F.3d 257, 260-61 (4th Cir. 2002). In fact, § 2255 grew out of and was intended to replace § 2241 in the vast majority of cases. Id. (citing United

---

was no longer housed at the Tensas Parish Detention Center in Louisiana.

States v. Hayman, 342 U.S. 205, 215-19 (1952)).  Consequently, individuals "are prevented from filing a § 2241 petition unless they fall within the savings clause of § 2255." Id.

The so-called "savings clause" of § 2255 provides that an application for a writ of habeas corpus "by a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained . . . unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255.  The Fourth Circuit has found that § 2255 is inadequate and ineffective to test the legality of an inmate's conviction only when the inmate satisfies a three-part standard by showing that:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).  Most notably, a procedural bar to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate" under the savings clause.  See In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997).

Petitioner argues that he is raising "constitutional issue[s]" and challenges his guideline range as calculated under the United States Sentencing Guidelines (Grounds One and Two) and his representation by counsel during his sentencing (Ground Three). Objections, 1-2. Petitioner raises no claim that the law he was convicted of violating has subsequently been modified or that the conduct for which he was imprisoned has otherwise been de-criminalized. Accordingly, Petitioner's first three claims fail to satisfy the limited circumstances where a § 2255 petition would be inadequate or ineffective to test the legality of his detention.  Thus, Petitioner does not satisfy the

"saving clause" of § 2255 and cannot raise the instant claims under § 2241. Petitioner's only viable recourse would be to file a motion to the appropriate court under 28 U.S.C. § 2255.

As amended by the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2255 bars successive collateral review applications unless they contain claims relying on certain types of newly discovered evidence or a new rule of constitutional law that was previously unavailable and made retroactive by the Supreme Court to cases on collateral review. See 28 U.S.C. § 2255. "[A] prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals. United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003) (citing 28 U.S.C. § 2244(b)(3)(a)). Because Petitioner has had a prior § 2255 adjudicated on the merits by the appropriate court, he must obtain authorization from the appropriate court of appeals to file a successive application.

Further, the court notes Petitioner's claims regarding his sentencing can only be read to challenge the constitutionality of his sentence in light of the Supreme Court's decisions in United States v. Booker, 543 U.S. 220 (2005), and Blakely v. Washington, 542 U.S. 296 (2004). However, the Court of Appeals for the Fourth Circuit has recently held that Booker does not apply retroactively to convictions, like Petitioner's, that became final before Booker was decided. See United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005) ("[T]he rule announced in Booker is a new rule of criminal procedure, but it is not a watershed rule . . . [and] is not available for post-conviction relief for federal prisoners . . . whose convictions became final before Booker (or Blakely) was decided."). Thus, even if the court were somehow able to review Petitioner's argument on the merits, Petitioner would be entitled to no relief.

The court also notes Petitioner admits that he is no longer in custody and "can no longer ask

this court to release him from custody . . . ." Response to Order to Show Cause, 1. However, Petitioner claims that his petition challenges "the validity of his conviction . . . ." Id. A federal court lacks authority to render decisions on moot questions or make rulings that cannot affect the case before it. Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992). Mootness is a jurisdictional question because the court "'is not empowered to decide moot questions or abstract propositions.'" North Carolina v. Rice, 404 U.S. 244, 246 (1971) (quoting United States v. Alaska S.S. Co., 253 U.S. 113, 116 (1920)). "Generally, a case becomes moot when the issues presented are no longer 'live' or the parties lack a 'legally cognizable interest in the outcome.'" Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.1994) (additional citations omitted). There is an exception where "collateral consequences give a sufficient stake in the outcome and cases where the underlying factual predicate is capable of repetition yet evading review." Id. (citing Leonard v. Hammond, 804 F.2d 838, 842 (4th Cir.1986)). The first three grounds of Petitioner's § 2241 petition generally challenge only the calculation of Petitioner's sentence and raise no further challenges beyond the limited question challenging the validity of his previous incarceration. Petition, 2-5. Thus, Petitioner's release from this allegedly unlawful detention renders the first three grounds of his petition moot.[3]

In ground four of his petition, Petitioner challenges the validity of a deportation order issued prior to the conviction and sentence underlying the instant habeas petition that formed a basis for

---

[3] Further, Petitioner's release from incarceration and return to Finland arguably removes him from the class entitled to file a habeas corpus petition under § 2241. The purpose of § 2241 is reflected in the statutory language which states that the writ shall not extend relief to a prisoner "unless he is in custody in violation of the constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). Petitioner's release arguably removes him from the purview of § 2241 and may independently justify the dismissal of the underlying claims.

his later conviction for illegally re-entering the United States. Petition, 5. However, Petitioner's objections to the Report and Recommendations do not mention these allegations and reference only the alleged "unlawful" actions of the "sentencing court." Objections, 3. Accordingly, the court finds that Petitioner has failed to make more than a conclusory objection to ground four of his habeas petition. Though not obligated to review portions of the Report and Recommendation to which objections have not been filed, Orpiano, 687 F.2d at 47-48, the court has nonetheless thoroughly reviewed the record and applicable law and finds the Magistrate Judge's analysis to be correct.

### III. CONCLUSION

The court has reviewed the record and adopts the Report and Recommendations of the Magistrate Judge. Petitioner's complaint is **dismissed** without prejudice and without issuance and service of process. With this order the court also **grants** Petitioner's motion to amend or correct his petition.

**IT IS SO ORDERED.**

          /s/ Margaret B. Seymour
          Margaret B. Seymour
          United States District Judge

May 5, 2006
Columbia, South Carolina